UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

TEMEKIA MORRIS,

     Plaintiff,

v.                                     Case No: 5:24-cv-30-JSM-PRL

ARBOR CAPITAL PARTNERS, LLC,

     Defendant.

_____

## ORDER

This employment discrimination case is before the Court for consideration of the motion of Defendant, Arbor Capital Partners, LLC, d/b/a Hardee's #1500981, to compel the deposition of non-party witness Omar Alston. (Doc. 18) Defendant's motion is unopposed by Plaintiff.

## I.    BACKGROUND

Defendant recites that, on December 4, 2024, it served its notice of taking the deposition of non-party witness, Omar Alston, setting the deposition via Zoom on December 19, 2023, at 9:30 AM. A copy of the Notice is attached as Exhibit 1 to Defendant's motion. (Doc. 18-1). Defendant explains that Mr. Alston is the fiancé of Plaintiff, previously worked for Defendant during the relevant time period, and was identified by Plaintiff as an individual who may have knowledge of the allegations in Plaintiff's complaint. Defendant further recites that Mr. Alston was properly served a subpoena on December 9, 2024, regarding the deposition scheduled for December 19, 2024. (Doc. 18-2).

On December 19, 2024, Defendant's counsel, Plaintiff's counsel, and a court reporter appeared via Zoom at 9:30 AM for the deposition, but Mr. Alston was absent. Within the first ten minutes of his deposition, however, he contacted Defendant's counsel stating he was having problems logging on. Defendant recites, "[w]hen counsel asked Mr. Alston what efforts he was taking to login into Zoom, Mr. Alston became agitated and stated that he did not need to answer those questions. Mr. Alston then hung up the phone." (Doc. 18 at 2). Defendant further explains that Mr. Alston appeared 10-15 minutes later, unrepresented, but became hostile, and "went on a combative tirade in which he threatened and berated Defendant's counsel, refused to allow Defendant's counsel to ask him a single question, much less allow Defendant's counsel to review the rules for the deposition." (Doc. 18 at 2-3). Defendant explains that Mr. Alston's belligerent conduct lasted approximately 15 minutes and included interrupting Defendant's counsel, calling him a "hypocrite," a "fool attorney," and saying that he was "playing the wrong game with the wrong person." (Doc. 18 at 2-3). Due to Mr. Alston's belligerent conduct and hostility, counsel for Defendant and Plaintiff agreed to end the deposition, and that Defendant would seek the Court's intervention.

## II.    LEGAL STANDARDS

Federal Rule of Civil Procedure 26 provides that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense…" Fed. R. Civ. P. 26(b)(1). Generally, discovery is expected to be accomplished voluntarily with minimal judicial intervention. *See Bell v. Bray and Gillespie, LLC*, No. 6:05-CV-355-ORL19JG, 2006 WL 923741, at *1 (M.D. Fla. Apr. 10, 2006). Federal Rule of Civil Procedure 30 governs depositions by oral examination. Under Rule 30(a)(1), "[a] party may,

by oral questions, depose any person, including a party, without leave of court except as provided in Rule 30(a). The deponent's attendance may be compelled by subpoena under Rule 45." Further, the Court may impose appropriate sanctions on a person who "impedes, delays, or frustrates, the fair examination of the deponent." Fed. R. Civ. P. 30(d)(2).

## III.    DISCUSSION

In light of Mr. Alston's behavior, as well as his prior criminal history, Defendant requests that the Court compel the deposition of Mr. Alston to be rescheduled either via Zoom or at the United States Courthouse in the presence of a U.S. Marshal. Defendant also requests an extension of the December 27, 2024, discovery deadline for the limited purpose of completing Mr. Alston's deposition. Plaintiff has no objection to Defendant's motion.

## VI. CONCLUSION

Upon due consideration and upon good cause shown, Defendant's motion to compel the deposition of non-party witness Omar Alston (Doc. 18) is GRANTED in part and DENIED in part, as explained in this Order. It is ORDERED that:

(1) Defendant's motion to compel the appearance of non-party witness Omar Alston for deposition is GRANTED.

(2) The parties are directed to meet and confer and shall reschedule, re-notice, and reissue a subpoena for a videotaped deposition of Mr. Alston, adhering to the Local Rules and Federal Rules of Civil Procedure. The parties shall complete the deposition (whether via Zoom or in person) no later than January 31, 2025.

(3) Mr. Alston is cautioned that he is required to comply with any properly issued subpoena in this case, in accordance with and subject to the Local Rules of the Middle District of Florida and the Federal Rules of Civil Procedure, and that failure

to comply may result in sanctions being imposed against him, including but not limited to being found in contempt of court under Rule 37(b) of the Federal Rules of Civil Procedure.

(4) To the extent that Defendant's motion requests that the Court accommodate the deposition at the United States Courthouse, order the U.S. Marshal to be present, or to otherwise provide security for the deposition, that request is DENIED.

(5) When reissuing the subpoena for Mr. Alston's deposition, the parties shall attach a copy of this Order.

(6) The discovery deadline is extended for the limited purpose of completing the deposition of Mr. Alston no later than January 31, 2025. In all other respects, the deadlines in the Case Management and Scheduling Order shall remain undisturbed.

**IT IS SO ORDERED.**

**DONE** and **ORDERED** in Ocala, Florida on January 10, 2025.

_____
PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Counsel of Record, Division Manager